UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORNE TRITT, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>3COMMAS TECHNOLOGIES OU,<br><br>        Defendant. | Case No. 23-cv-04893-RFL<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Re: Dkt. No. 26 |

       This is one of two putative class actions against 3Commas Technologies OU, an Estonian company that develops software for automated trading of cryptocurrency, before this Court. (*See Freeman v. 3Commas Technologies OU*, No. 3:23-cv-00101-RFL.) The Court granted 3Commas' motion to dismiss for lack of personal jurisdiction in *Freeman*. *Freeman v. 3Commas Techs. OU*, No. 23-CV-00101-RFL, 2024 WL 1880147 (N.D. Cal. Mar. 25, 2024). 3Commas moves to dismiss the Complaint in this case for lack of personal jurisdiction and insufficient service of process. For the same reasons as in *Freeman*, the motion to dismiss for lack of personal jurisdiction is **GRANTED**. Plaintiffs' request for jurisdictional discovery is **DENIED**. This order assumes the reader's familiarity with the factual allegations, the relevant law, and the parties' arguments.

       Plaintiffs here raise largely the same arguments as the *Freeman* plaintiffs did to argue for the existence of specific jurisdiction over 3Commas in California: (1) 3Commas has customers in California; (2) 3Commas solicited and received funding from venture capital firms in California; and (3) 3Commas "has engaged and partnered" with businesses based in California,

including for data server services.  (Dkt. No. 31 ("Opp.") at 10–16.)[1]  As explained in the *Freeman* order, these contacts are insufficient to establish either purposeful direction or purposeful availment.  *Freeman*, 2024 WL 1880147, at *2–3.  Moreover, as to the first contention regarding 3Commas' California customers, Plaintiffs are not California residents, so their claims would not arise out of those contacts in any event.  Plaintiffs' reliance on 3Commas' alleged past and current employees in California is similarly unavailing.  As support, Plaintiffs presented LinkedIn search results for "individuals related to the '3Commas.io' business," with only two results for individuals in California.  (Dkt. No. 31-3 at 3–7.)  The only support for Plaintiffs' claim that 3Commas has any current employees in California is a single unnamed profile for an "IT Manager."  (*Id.* at 3; Dkt. No. 31-6.)  One unidentified employee, whose connection to Plaintiffs' claims is unexplained, cannot establish specific jurisdiction.  The motion to dismiss for lack of personal jurisdiction is therefore granted.[2]  Dismissal in this case is without leave to amend, because amendment appears to be futile.  Unlike *Freeman*, in which some of the named plaintiffs were California citizens, Plaintiffs are not residents of California and cannot allege additional facts about how their claims arise out of 3Commas' alleged contacts with California.  Indeed, perhaps as a result, Plaintiffs do not request leave to amend in their opposition to the motion to dismiss.

      Plaintiffs' alternative request for jurisdictional discovery is denied.  Jurisdictional "discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).  But "a mere hunch that discovery might yield jurisdictional facts" does not suffice.  *LNS Enterprises LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 865 (9th Cir. 2022) (cleaned up).  Plaintiffs do not make the necessary showing to justify such discovery.  They only cursorily assert that, "if the Court

---

[1] Page numbers refer to the ECF pagination.

[2] As the motion to dismiss is granted based on lack of personal jurisdiction, the Court does not address 3Commas' argument about insufficient service.

believes that Plaintiffs have not met their burden, Plaintiffs alternatively move for leave to seek jurisdictional discovery to obtain documents and information regarding [Jacob] Schwartz, [3Commas' VP of Customer Experience who resides in Florida], the California servers and the other disputed contacts referenced herein." (Opp. at 18.) Plaintiffs do not "describe[e] with any precision how such discovery could be helpful to the Court" or how this discovery would change the jurisdictional outcome in light of the problems with Plaintiffs' theories. *LNS Enterprises LLC*, 22 F.4th at 865 (9th Cir. 2022) (cleaned up). Accordingly, the Court declines to order such discovery on the record before it.

Based on the foregoing, the motion to dismiss for lack of personal jurisdiction is granted without prejudice and without leave to amend. The Clerk of the Court shall enter judgment against Plaintiffs and in favor of 3Commas, and close the case.

**IT IS SO ORDERED.**

Dated: June 3, 2024

RITA F. LIN
United States District Judge